Affiant: Luis Enrique Garibay, Reg. No. 09199-041

Address: United States Penitentiary Atwater

1 Federal Way/P.O. Box 019001

Atwater, California 95301



Luis Enrique Garibay,        ) Civ.Cs.No.: 11-CV-13-RCC
   Affiant-Petitioner,) Cr.Cs.No.: 05-1419-TUC-RCC
                                           )
      -vs-              ) AFFIDAVIT: In Support of Movant's
                                           ) Claims of Ineffective Assistance
UNITED STATES OF AMERICA,) of Counsel raised in Movant's
           Respondent.) § 2255 Motion
_____)_____

    Affiant, Luis Enrique Garibay, being duly sworn, hereby depose and declare, under penalty of perjury (28 U.S.C. § 1746), the following statements are true and correct, based on personal knowledge, and provided for the purposes stated:

    1.    Your Affiant, Luis Enrique Garibay, Reg. No. 09199-041, is incarcerated in a United States Penitentiary located in Atwater, California at 1 Federal Way/P.O. Box 019001, Atwater, California 95301.

    2.    Attorney Geoffrey T. Cheshire ("Cheshire"), 407 West Congress, Suite 501, Tucson, Arizona 85701, (520) 879-7500, represented your Affiant during your Affiant's August 29, 2006 trial, and during direct appeal to the United States Court of Appeals for the Ninth Circuit, Case No.: 07-10507.

<h3 style="text-align:center">JUNE 7, 2005 ARREST</h3>

    3.    One of your Affiant's sibling's name is

Roxanna Garibay.

4. Roxanna Garibay resides at 4942 South Jeannette Avenue, Tucson, Arizona.

5. On June 6, 2005, your Affiant and Jessica Rodriguez were overnight guests at Roxanna's residence.

6. On June 7, 2005, U.S. Marshal entered the residence, opened the door to the room where your Affiant and Jessica Rodriguez were, and immediately arrested your Affiant and Jessica Rodriguez.

7. Your Affiant states that the U.S. Marshals entered the room with weapons drawn.

8. Upon entering the room, the U.S. Marshals found Jessica Rodriguez laying in bed covered with a blanket, and your Affiant sitting nude on the side of the bed.

9. Your Affiant states that the U.S. Marshals ordered Jessica Rodriguez to drop the blanket. Jessica Rodriguez did not want to drop the blanket because she was completely nude.

10. After observing the U.S. Marshals with weapons drawn, your Affiant indicated to Jessica Rodriguez to drop the blanket.

11. After Jessica Rodriguez dropped the blanket, the U.S. Marshals learned and observed that Jessica Rodriguez was completely nude.

12. Your Affiant and Jessica Rodriguez were immediately handcuffed in the nude.

13. Your Affiant observed the U.S. Marshals allow Jessica Rodriguez put on your Affiant's boxers.

14. Your Affiant was allowed to put on his

"shorts" (not boxers) while handcuffed.

15. Your Affiant was escorted by the U.S. Marshals outside of the house to the carport area. TT 36.

16. Your Affiant states that your Affiant was not wearing his shoes when your Affiant was taken to the carport. TT 35.

## SECOND ENTRANCE TO THE HOUSE

17.* While at the carport, your Affiant observed one agent enter back inside the house and come out of the house with your Affiant's shoes.

18. Your Affiant states that the agents found a smoking device after searching inside the pair of shoes.

19. Your Affiant states Jessica Rodriguez and your Affiant were separated while at the carport. TT 36.

## THIRD ENTRANCE TO THE HOUSE

20.* Your Affiant states that your Affiant witnessed the agents enter the house for a "third" time.

21. Your Affiant states that after witnessing the agents come out of the house for a "third" time is when your Affiant learned that the agents had learned about a gun.

## SEARCH AND SEIZURE

22. Your Affiant states that in one of your Affiant's proceedings being the District Court's March 14, 2006, Order in your Affiant's supervised release cases, CR-05-50061-TUC-RCC and CR-04-00342-TUC-RCC, in that Order, the District Court found "if the weapon was in plain view, the

officers would have grabbed it at the same time as the defendant."

23. Your Affiant states that there were no gun, gun clip, or ammunition in plain view when the U.S. Marshals entered the room to execute the arrest of your Affiant and Jessica Rodriguez.

24. Upon arrest, your Affiant and Jessica Rodriguez were escorted out of the house to the carport.

## WARRANT INFORMATION

25. Your Affiant believes that the warrant information was defective.

26. Your Affiant believes that the address on the warrant was 2205 E. Honeysuckle St., Tucson, Arizona.

27. Your Affiant's arrest was executed at 4942 South Jeanette Avenue, Tucson, Arizona.

## PRE-TRIAL

28. During pretrial proceeding, your Affiant was housed in a facility termed CCA (Corporate Corporation of America) located in Florence, Arizona.

29. While at the CCA, your Affiant received numerous visits from attorney Cheshire.

30. During these visits, attorney Cheshire failed to explain to your Affiant about and the provisions and applications of the sentencing guidelines;

31. Failed to inform your Affiant about the of your Affiant's status under the Career Criminal provisions;

32. Failed to inform your affiant about Armed

Career Criminal ("ACCA");

33. Failed to inform your affiant about the substance, nature and its purpose of a presentence investigation report ("PSI");

34. Failed to inform your affiant about the minimum mandatories and how they apply to your Affiant's case and potential sentence situation, and how your Affiant's sentence could be calculated with your Affiant's record;

35. Failed to inform and explain to your Affiant about the consequences concerning sentence enhancements if found guilty via a jury trial; and

36. Failed to "effectively" and "thoroughly" inform and explain to your Affiant the alternatives of a jury trial.

37. On or about August 27, 2006, a day or two from the beginning of trial, your Affiant learned about the denial of the your Affiant's motion to suppress.

38. Your Affiant states that attorney Cheshire never told your Affiant that the consequences of going to trial, if found guilty, would yield a sentenced of more than 15 years.

39. Your Affiant was offered a plea bargain for 15 years, but attorney Cheshire would not explain his conclusions or decisions.

40. After the suppression hearing, attorney Cheshire visited your Affiant and brought an offer of 12 years.

JULY 18, 2006, SUPPRESSION HEARING

41. During the suppression hearing, your Affiant learned that the agents entered the house two times.

42. Your Affiant states that he witnessed the agents enter the house three times and on the third time is when the agents learned about a gun.

## AUGUST 29, 2006, JURY TRIAL

43. During trial, your Affiant states that attorney Cheshire did not inform and explain to your Affiant about the right to testify at trial, and that the right to testify rested solely on your Affiant.

## SENTENCING

44. After trial and before sentencing, attorney Cheshire informed your Affiant that he had, for the first time, learned that your Affiant was going to get an enhancement.

45. During a visit at the CCA with counsel Cheshire, your Affiant states that attorney Cheshire for the first time informed and indicated about Mr. Garibay's enhancements and further indicated close to the following: "I didn't know this was coming. I did not see this coming. I don't know how they are going to do this." Your Affiant states that counsel Cheshire was referring to the enhancements that were brought to your Affiant's attention AFTER trial and immediately before sentencing.

46. Your Affiant states that, after trial and before sentencing, attorney Cheshire also indicated, during that same visit, that your Affiant's prior convictions

consisted of "two violent crimes and two drug convictions."

47. Your Affiant states that there should be a record available in the court record of your Affiant's case file about the submission of documents about this incident which was unknown to your Affiant until after trial.

## MONITORED PHONE CALL BETWEEN ATTORNEY CHESHIRE AND AFFIANT

48. On or about May 6, 2010, at about 9:30 am, your Affiant contacted counsel Cheshire via a monitored telephone call from the United States Penitentiary in Atwater, California.

49. During the monitored telephone call conversation, counsel Cheshire indicated close to the following, "I might have made a mistake and not told you. I'm pretty sure I told, you were looking at more than fifteen."

50. Your Affiant believes that in the May 6, 2010, telephone call, attorney Cheshire indicated additional information concerning his failure to inform your Affiant of any enhancements.

51. Your Affiant states that the records and logs of all the facilities where your Affiant was housed should outline the dates and times attorney Cheshire visited or talked via telephone to your Affiant.

## VERIFICATION

I, your Affiant, Luis Enrique Garibay, state as follwos:

52. Based on my first hand personal knowledge and my review of the federal court record, I know all the facts

described in this affidavit and verify them as true.

YOUR AFFIANT SAYETH NAUGHT

Signed under penalty of perjury pursuant to:

Title 28 U.S.C. § 1746.

EXECUTED on this 29th day of December, 2010, at USP in Atwater, California.

Luis Enrique Garibay, Affiant

Reg. No. 09199-041

USP Atwater

1 Federal Way/P.O. Box 019001

Atwater, California 95301