1  DENNIS K. BURKE
   United States Attorney
2  District of Arizona
   Brian G. Sardelli
3  Assistant United States Attorney
   Evo A. DeConcini Federal Courthouse
4  405 West Congress Street, Suite 4800
   Tucson, Arizona  85701
5  Telephone:  (520) 620-7300
   Email: brian.sardelli@usdoj.gov
6  Attorneys for Plaintiff

7                    UNITED STATES DISTRICT COURT

8                        DISTRICT OF ARIZONA

9  United States of America,          )
                                      )        CR 05-1419-TUC-RCC (CRP)
10            Petitioner,             )        CV 11-13-TUC-RCC
                                      )
11      v.                            )    **GOVERNMENT'S RESPONSE TO**
                                      )    **DEFENDANT'S PETITION TO**
12  Luis Enrique Garibay;             )    **VACATE, SET ASIDE OR**
                                      )    **CORRECT SENTENCE PURSUANT**
13            Respondent.             )    **TO 28 U.S.C. § 2255**
    _____  )

14

15         Comes now the United States of America, by and through United States Attorney for the

16  District of Arizona, DENNIS K. BURKE, and Assistant U.S. Attorney, BRIAN G. SARDELLI,

17  and hereby answers Petitioner Luis Enrique Garibay's  Petition to Vacate, Set Aside or Correct

18  Sentence, Pursuant to 28 U.S.C. § 2255.  The Court should deny the petition because the

19  petitioner has failed to establish and cannot establish any of the claims he has made in his

20  petition.

21              **MEMORANDUM OF POINTS AND AUTHORITIES**

22  **I.    BACKGROUND**

23       **A.    <u>Nature of the Case; Course of Proceedings.</u>**

24         The defendant was indicted for being a felon in possession of a firearm as an armed career

25  offender, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  He was convicted as charged

26  after a jury trial.  Based on his criminal history, he was determined to be an armed career

1    offender.  The district court sentenced him to imprisonment for 235 months, to be followed by

2    supervised release for five years. His appeal has been dismissed by the Ninth Circuit Court of

3    Appeals and the United States Supreme Court denied certiorari.  He has now filed this Petition

4    to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

5         The unsupported claims made in this petition include that his counsel was ineffective, that

6    the prosecution failed to disclose evidence, that his Fifth and Sixth Amendment Rights were

7    violated by his attorneys's failure to provide him with all of his case files, and that the

8    prosecution failed to correct perjured testimony at trial.  As more fully set forth below, the

9    petitioner's's claims are without merit and should be denied.

10   **II.    DEFENSE COUNSEL WAS NOT INEFFECTIVE**

11   **A.    Applicable Law**

12        To prevail on a claim of ineffective assistance, petitioner must show both that his

13   counsel's performance was deficient and that this prejudiced his case. *Strickland v. Washington*,

14   466 U.S. 668, 688 (1984).  The petition may be dismissed without a hearing if both prongs of the

15   *Strickland* test are not met.  See *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1985).

16   The Court may make its determinations based on the affidavits and documents submitted.  28

17   U.S.C. §2246, §2247.

18        In order to substantiate an ineffective assistance claim, a defendant must first show that

19   his counsel's performance was objectively unreasonable. *United States v. Quintero-Barraza*, 78

20   F.3d 1344, 1348 (9th Cir. 1996).  The test is whether counsel made errors so serious that "counsel

21   was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland,* at 687.

22   In reviewing this claim of unreasonableness, a court must look at the attorney's overall

23   performance "and must be highly deferential to the attorney's judgments." *Id*.  As to the second

24   prong, in order to establish prejudice, petitioner must also show that the ineffectiveness of

25   counsel rendered the proceeding unreliable or fundamentally unfair. *Lockhart v. Fretwell*, 506

26   U.S. 364, 368 (1993).

**B.    All available evidence demonstrates that petitioner's lawyer was effective.**

A review of his counsel's actual performance demonstrates that he effectively advocated the petitioner's case.  In reviewing the defense attorney's, Mr. Geoff Cheshire's, performance, a court must "strongly presume that counsel's conduct was within the wide-range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." *Strickland*, 466 U.S. at 689.  Mr. Cheshire made significant efforts on behalf of petitioner from the beginning of the case through trial and appeal.  The petitioner has failed to articulate any basis for the claims he has made.  Contrary to petitioner's allegations, all available records and evidence shows that his counsel was effective throughout his representation.

**C.    Petitioner cannot show any prejudice.**

Even if defense counsel's performance was somehow deficient, petitioner must then show that there is a reasonable probability that he suffered prejudice as a direct result of his attorney's conduct.  *United States v. Quintero-Barraza*, 78 F.3d at 1348.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,*  466 U.S. at 694.  A court must look to more than the outcome of the case, specifically to whether or not "the result of the proceeding was fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

In addition to failing to show how Mr. Cheshire was ineffective the petitioner has also failed to identify any prejudice and he does not state any grounds for relief pursuant to 28 U.S.C. §2255.  Specifically, even if all the petitioner allegations were supported, which they are not, the petitioner has failed to articulate any prejudice in this case.

**III.    The petitioner has failed to show any evidence that the prosecution failed to disclose evidence, that his Fifth and Sixth amendment Rights were violated by his attorneys's failure to provide him with all of his case files, or that the prosecution failed to correct perjured testimony at trial.**

A petitioner is expected to state facts that point to a real possibility of constitutional error. *See Wacht v. Cardwell,* 604 F.2d 1245, 1246-1247 (9th Cir. 1979).  Petitioner has not met this

1    burden and his petition should be dismissed.  The Government has communicated about this case

2    with the trial attorneys for both the Government and Defense in this case.  The Government has

3    also reviewed the record in this case, the transcripts, and all of the filings made by the petitioner

4    in this case.  The Government can find no evidence to support any contention that defense

5    counsel was ineffective, that the prosecution failed to disclose evidence, that his Fifth and Sixth

6    amendment Rights were violated by his attorneys's failure to provide him with all of his case

7    files, or that the prosecution failed to correct perjured testimony at trial.  The petitioner's

8    allegations appear to be without merit and are not supported by the record.

9        Furthermore, the Government has discussed this case via e-mail with the Assistant United

10   States Attorney (AUSA) who was the trial attorney in this case.  AUSA Serra Tsethlikai stated

11   that the Government did meet it's Brady/Giglio obligations and all other disclosure

12   responsibilities.  AUSA Serra Tsethlikai also stated that they were unaware of any perjured

13   testimony that would have needed to be corrected.

14       It should be noted that the Government made contact with the trial defense attorney, Mr.

15   Geoff Cheshire, in this case.  It is the Government's understanding that Mr. Cheshire is declining

16   comment on the allegations made by the petitioner based on attorney client privilege.

17   **IV.    No evidentiary hearing is necessary.**

18       A habeas petitioner is entitled to an evidentiary hearing on a claim if (1) the petitioner's

19   allegations, if proved, would entitle him to relief and (2) the court trier of fact has not reliably

20   found the relevant facts.  *Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir. 1992).  Bald

21   assertions and conclusory allegations, however, are not sufficient grounds for an evidentiary

22   hearing.  *See Wacht v. Cardwell*, 604 F.2d 1245, 1246 (9th Cir. 1979).  Rather, a petitioner is

23   expected to state facts that point to a real possibility of constitutional error.  *Id.* at 1246 (9th Cir.

24   1979).  Petitioner has not met this burden and his petition should be dismissed without a hearing.

25   Petitioner has failed to produce any evidence to support his allegations.

26

**V.     Attorney Client Privilege**

As stated above, it is the Government's understanding that the trial defense attorney, Mr. Cheshire, has declined to comment on this case based on attorney client privilege.  If the court determines that a response from Mr. Cheshire is necessary the Government would request that the court order that Mr. Cheshire respond to the petitioners's allegations in the form of an affidavit.  Furthermore, the Government respectfully disagrees with Mr. Cheshire's position that attorney client privilege exists in this case.

This incorrect position advocated by Mr. Cheshire may be based on sources, such as American Bar Association opinion, that some in the defense bar may believe precludes them from commenting or providing an affidavit.  *See* The American Bar Association Formal Opinion 10-456, *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*, July 14, 2010.  In this opinion, the ABA advises that lawyers should not disclose information relating to the client's representation without the client's consent.  The opinion further advises that defense counsel required to provide evidence at a deposition hearing, or other proceeding, regarding a defendant's ineffective claim should invoke the attorney-client privilege and make objections, "if there are non-frivolous grounds on which to do so." *Id.* at p.2.   The opinion also states, "it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable." *Id.* at p.5.

However, this position is not supported by the below case law.  As stated above, in Defendant's petition for post-conviction relief, he alleges his trial counsel was ineffective.  By filing such motion, the Defendant has implicitly waived the attorney client privilege relating to the matters he has raised concerning ineffective assistance of counsel.  *See United States v. Amlani*, 169 F.3d 1189, 1194-1196 (9th Cir. 1999).  By raising these claims, the Defendant has implicitly waived the attorney client privilege.  Therefore, the Government  may communicate and obtain information from Defendant's trial counsel concerning his representation of the

defendant to respond to the above claims.  As our Appellate Court has stated, "'[t]he privilege which protects attorney-client communications may not be used as a sword and a shield.'" *Amlani*, 169 .F.3d at 1195, *quoting United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997)(quoting *Chevron Corp. V. Pennzoil Co.,* 974 F.2d 1156, 1162 (9th Cir. 1992). *See also*, *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (discussing the scope of the implied-waiver of the attorney client privilege relating to habeas petition under 28 U.S.C. §2254); and *Wharton v. Calderon*, 127 F.3d 1201 (9th Cir. 1997) (in a state habeas case, the appellate court reversed district court's protective order prohibiting various members of defendant's former trial team from speaking with the government except during the depositions).

It is the Government's position that any attorney client privilege was waived by the petitioner when he made his allegations against Mr. Cheshire and that he should be allowed to rebut the allegations made by the petitioner.  Furthermore, if the court decides that a response from Mr. Cheshire is required an affidavit would make an evidentiary hearing unnecessary and save the time and resources of the court.  Mr. Cheshire has access to the petition in this case and should be able to draft and submit an affidavit answering any issues discussed in the petition. However, as previously stated, the Government's position is that this affidavit is unnecessary because the petitioner has failed to provide any support for his claims.

Lastly, the defense in this case aggressively and effectively defended the petitioner in this case.  The reward for this aggressive and effective representation is this petition which is without merit.  The petitioner has exhausted all other means to fight his case to include motions, motions to suppress, trial, sentencing, and appeal.  He is entitled to make this petition but he must have evidence and/or information from the record to support his allegations.  He does not.  As stated above the bald assertions and conclusory allegations made by the petitioner are not sufficient grounds for an evidentiary hearing.

## IV.  CONCLUSION

In conclusion, the petitioner has no support for his Petition to Vacate, Set Aside or Correct Sentence, Pursuant to 28 U.S.C. § 2255 and that it should be denied without hearing.  Mr. Cheshire declined to make any comment on the defendant's Petition to Vacate, Set Aside or Correct Sentence, Pursuant to 28 U.S.C. § 2255.  If the court determines that a response from Mr. Cheshire is necessary the Government would request that the court order that he respond to the petitioners's allegations in the form of an affidavit.  For the foregoing reasons, the district court should dismiss the petition filed pursuant to 28 U.S.C. § 2255 without a hearing and uphold the conviction and sentence.

RESPECTFULLY SUBMITTED this 21st day of June, 2011.

DENNIS K. BURKE
United States Attorney
District of Arizona

s/Brian G. Sardelli

BRIAN G. SARDELLI
Assistant U.S. Attorney

Copy of the foregoing mailed on
this 21st day of June, 2011, to:

Luis Enrique Garibay
#09199-041
ATWATER-CA-ATWATER-USP
U.S. PENITENTIARY
PO BOX 019001
ATWATER, CA 95301