ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
BRIAN G. SARDELLI
Assistant U.S. Attorney
405 West Congress Street, Suite 4800
Tucson, Arizona  85701-5040
Telephone: 520-620-7300
brian.sardelli@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR 05-1419-TUC-RCC (CRP) |
| | CIV 11-00013-TUC-RCC |
| Plaintiff-Respondent, | |
| v. | UPDATED RESPONSE TO MOTION |
| | PURSUANT TO 28 U.S.C. § 2255 |
| Luis Enrique Garibay, | |
| Defendant-Movant. | |

The United States, by and through undersigned counsel, hereby responds to the Court's order filed on October 5, 2011, which directed the government to file a memorandum addressing the issue of procedural default.  As explained in the attached Memorandum, the defendant has failed to allege any grounds warranting relief, so the Court is requested to deny the defendant's motion with prejudice.

**MEMORANDUM**

1. <u>Procedural History</u>

The defendant (Mr. Garibay) was indicted for being a felon in possession of a firearm as an armed career offender, in violation 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  He was convicted as charged after a jury trial.  Based on his criminal history, he was determined to be an armed career offender.  The district court sentenced him to imprisonment for 235 months, to be followed by supervised release for five years.  His case has been affirmed on appeal and his appeal has been dismissed by the Ninth Circuit Court of Appeals.  His petition was denied by the United States Supreme Court on January 11, 2010.  He then filed this Petition to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on

January 6, 2011. The government responded to the petition and the defendant filed a reply to the government's response and a motion for discovery. The court then ordered the government to file an updated response or memorandum specifically addressing the issue of procedural default. The government initially requested an affidavit from the defendant's trial counsel, but trial counsel declined to give an affidavit in this case. The court then Ordered the defendant's trial defense counsel to provide an affidavit to the government regarding the allegations of ineffective assistance of counsel. The purpose of this memorandum will be to specifically address the issue of procedural default. Both the government's response dealing with procedural default and the affidavit from the defense trial counsel are due on November 4, 2011. Per the Court's Order, the government has the option and may file a supplemental response based on the affidavit no later than November 18, 2011.

2. <u>Analysis</u>

In his motion, Mr. Garibay raises several grounds for relief. This Court should deny Mr. Garibay's motion because his claims are procedurally defaulted. Mr. Garibay's claims were either resolved at the motion to suppress, trial, on direct appeal, or were never brought forward until he filed this motion and the accompanying documents. Mr. Garibay's issues have been previously resolved or should have been brought up on direct appeal. Also, Mr. Garibay has failed to show any actual prejudice resulting from his unsubstantiated claims. The government does assert and does not waive any issues based on procedural default. Mr. Garibay's motion should be dismissed with prejudice based on his procedural default, the reasons stated in this updated response, and for the reasons stated in the original response.

a. <u>Any Claims Already Reviewed On Direct Appeal Are Unreviewable Because They Have Been Already Resolved Against Him In His Direct Appeal</u>

In his direct appeal, the petitioner argued that the District Court erred in denying his motion to suppress and that his sentence was unreasonable. The Ninth Circuit Court of Appeals found that the District Court did not err and affirmed Mr. Garibay's conviction. Mr. Garibay is precluded from bringing the same claims in a § 2255 motion that were disposed of in a previous direct appeal. *See, e.g., United States v. Ramirez*, 327 Fed. Appx. 751, 752 (2009); *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979); *cf. Bucio-Carillo v. Gilkey*, 228 Fed. Appx. 800, 801 (9th Cir. 2007) (applying principle

to habeas petition). "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) (citing *United States v. Redd*, 759 F.2d 699, 700-01 (9th Cir. 1985)). "The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion." *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) (citing *Stein v. United States*, 390 F.2d 625, 626 (9th Cir. 1968); *Fiano v. United States*, 291 F.2d 113, 114 (9th Cir. 1961)); *see also, Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975); *United States v. Scrivner*, 189 F.3d 825, 828 n.1 (9th Cir. 1999). Consequently, because the petitioner is barred from using a § 2255 motion to relitigate these issues decided on direct appeal, this court should deny any issues in his § 2255 motion that are related either to the motion to suppress or the reasonableness of his sentence. Therefore, the government is asserting that any and all issues related to the motion to suppress or the reasonableness of the sentence in this case are procedural defaulted and that these claims should be dismissed with prejudice.

<u>b. Any of the Petitioner's Remaining Claims are Procedurally Defaulted</u>

Any of the petitioners remaining claims are unreviewable because they are procedurally defaulted. Generally, "claims not raised on direct appeal may not be raised on collateral review ...." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citations omitted). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent." *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (internal quotation marks and citations omitted). For both "federal and state convictions, habeas review is not to substitute for an appeal." *Id.* at 1150. "The 'cause and prejudice' test for excusing the failure to raise a claim on direct appeal will apply, for example, where the claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal, or where 'interference by officials' may have prevented the claim from being brought earlier." *Id.*

Specifically, in this case, any issues not brought fourth on direct appeal should be procedurally defaulted. These include, but are not limited to, Mr. Garibay's allegations of perjury, allegations that

1  the government failed to correct perjured testimony, any issues regarding access to case files, any
2  violation of the 5th or 6th amendments, any issues related to Brady or Giglio violations, any issues relating
3  to sentencing, maximum punishments, and any issues relating to the defendant's right to testify.

4  Here, Mr. Garibay cannot claim new law, facts, or interference for his failure to raise his claims of
5  insufficiency of evidence on direct appeal. Moreover, in regards to his claims, Mr. Garibay fails to
6  allege that any new legal or factual basis exists, or that there was an interference by officials that
7  prevented him from presenting these arguments in his appeal.

8  Mr. Garibay does not demonstrate that a new legal or factual basis that was *"unavailable"* at the
9  time of direct appeal prevented him from presenting this claim on appeal. Mr. Garibay has not
10 demonstrated either cause and actual prejudice or that he is actually innocent. Mr. Garibay's claims
11 were either resolved during his direct appeal or should have been brought forward in the direct appeal.
12 These include Mr. Garibay's unsubstantiated allegations related to the motion to suppress, the
13 reasonableness of the sentence, failure to disclose evidence, 5th and 6th amendment violations, lack of
14 access to files, and any prosecution failure to correct perjured testimony. All the issues were resolved
15 in this case during the direct appeal or should have been raised on direct appeal. All of these facts and
16 arguments were available to Mr. Garibay at the time of his appeal and he failed to pursue them or they
17 were resolved on direct appeal. These claims are therefore now unreviewable as they are procedurally
18 defaulted.

19 Mr. Garibay appears to attempt to tie many of these issues to his claims of ineffective assistance of
20 counsel. However, all of these claims appear to be related to issues that were either brought up on
21 appeal or should have been brought up on appeal. Therefore, they should be procedurally defaulted.
22 In addition, all of these claims are unsubstantiated and not supported by the facts or the record in this
23 case. Mr. Garibay has not provided sufficient evidence based on the facts of the case or the record to
24 support his claims.

25 In summary, for all the reasons detailed in this updated response and my previous response, Mr.
26 Garibay's motion should be denied. First, this motion is procedurally defaulted. Second, Mr. Garibay
27 has presented no facts to support his claims beyond his unsupported allegations. Any issues not resolved

by procedural default are resolved by the failure of Mr. Garibay to provide any support for his allegations. Mr. Garibay's claims are unsubstantiated and appear to be frivolous. The court has Ordered the trial defense attorney to provide the government with the affidavit by November, 4, 2011. Per the courts order, the government may file an additional brief, if needed, based on this affidavit by November 18, 2011.

## CONCLUSION

The defendant has failed to state any claims on which relief can be granted, or that warrant further exploration in an evidentiary hearing. His Motion should be denied with prejudice.

Respectfully submitted this 4th day of November, 2011.

        ANN BIRMINGHAM SCHEEL
        Acting United States Attorney
        District of Arizona

        s/*Brian G. Sardelli*

        BRIAN G. SARDELLI
        Assistant U.S. Attorney

Copy of the foregoing mailed on
this 4th day of November, 2011, to:

Luis Enrique Garibay
#09199-041
ATWATER-CA-ATWATER-USP
U.S. PENITENTIARY
PO BOX 019001
ATWATER, CA 95301